■ In the Matter of GRACE DE CICCO, Respondent, v. THOMAS F. McCOY, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered November 22, 1971 in Kings County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the determination of the Administrative Board of the Judicial Conference of the State of New York disapproving her application for participation in a competitive examination for promotion to Senior Court Officer. Petitioner was appointed a Uniformed Court Officer in the Civil Court of the City of New York on January 27, 1969 and served in that capacity for a little over a year. She was then eligible to take a promotional examination for Assistant Court Clerk or Senior Court Officer. Subsequently, she took and passed the examination for the former and was appointed to it on February 16, 1970 in the Civil Court of the City of New York where she is still serving. On November 16, 1970 the Administrative Board announced an examination for Senior Court Officer and stated the qualifications to be "current permanent competitive class service in the title of Uniformed Court Officer". Petitioner was permitted to take the examination conditionally, but on August 3, 1971 was informed by the Administrative Board of its disapproval of her application on the ground that she was not an incumbent Uniformed Court Officer. The issue to be resolved on this appeal narrows to a determination of whether the addition of the word "current" to the required qualifications for the position of Senior Court Officer amounted to a change in the policy or standards of the Administrative Board, requiring compliance with section 212 of the Judiciary Law. Special Term concluded that it did and we agree. Section 212 of the Judiciary Law, in part, provides: "The administrative board * * * may adopt, amend, rescind and make effective standards and policies for general application throughout the state, including but not limited to standards and policies relating to the following administrative powers and duties: 1. Personal practices, title structure, job definition, classifications, qualifications, appointments, promotions * * * Before adopting new standards and policies which affect the non-judicial personnel, the administrative board shall give notice of the proposed new standards and policies and shall give notice of and hold a hearing at which affected employees or their representatives shall have the opportunity to submit criticisms, objections, and suggestions relating to such

proposed standards and policies." It is conceded that the Administrative Board has the power to determine the qualifications for each examination. Any change in the existing qualifications whereby rights are affected, in our opinion, is improper, however, unless there has been a compliance with section 212 of the Judiciary Law. Prior to the announcement of the examination on November 16, 1970, petitioner had one year of permanent service as a Uniformed Court Officer and was thereby eligible to take an examination for promotion to Senior Court Officer. The Administrative Board, by addition of the word " current " to the existing qualifications for that position, has deprived petitioner of a valued right to seek promotion. This, we conclude, it could not do without notice and the opportunity to petitioner and those similarly situated for a hearing pursuant to section 212 of the Judiciary Law. (See *Matter of Conlon* v. *McCoy*, 27 A D 2d 280, mod. 22 N Y 2d 356.) Judgment affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.